UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                          CRIMINAL ACTION NO. 5:09CR-19-R-1

ERIC CHISM                                                                   DEFENDANT

**MEMORANDUM AND ORDER**

Defendant Eric Chism filed a *pro se* motion under 18 U.S.C. § 3582(c)(2) seeking a reduction of his term of imprisonment for a crack-cocaine conviction in light of the Fair Sentencing Act of 2010 (FSA) (DN 96). By Order entered August 30, 2012, the Court denied the motion without prejudice, concluding that the Court, on its own initiative, would consider whether Defendant is eligible for a reduction of sentence at a later date in accordance with the procedure set forth in General Order No. 2011-04 (DN 97). Pursuant to General Order No. 2011-04, the Court established a procedure to review crack-cocaine sentences of currently incarcerated individuals that may be subject to a reduction under the FSA in accordance with 18 U.S.C. § 3582(c)(2) and the guidance provided in Section 1B1.10 of the Sentencing Guidelines.

Further review of the record, however, reveals that Defendant has already received the benefit of the application of the FSA amendments to his sentence. For this reason, Defendant does not fall within the scope of review under General Order No. 2011-04, and the Court previously erred in denying the § 3582(c)(2) motion without prejudice.

**IT IS THEREFORE ORDERED** that the Court's prior Order denying Defendant's § 3583(c)(2) motion without prejudice (DN 97) is **VACATED**, and Defendant will not go through the Court's procedure established pursuant to General Order No. 2011-04.

Under § 3582(c)(2), a court may modify a term of imprisonment "in the case of a

defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." Review of the Presentence Investigation Report (PSR) and Statement of Reasons reveals that Defendant was sentenced using the November 1, 2010, edition of the Guidelines Manual as well as the Supplement to 2010 Guidelines Manual, which incorporated the FSA emergency guideline amendments. At sentencing, the Court adopted the sentencing range set forth in the PSR, which was based on the FSA guideline amendments. Further, the Court accepted the government's position that the drug quantity attributable to Defendant was between 28 and 50 grams of crack cocaine. The Court advised that the statutory penalty for imprisonment was to be not less than 5 years nor more than 40 years; this is the FSA statutory penalty.[1] The Court sentenced Defendant to the mandatory minimum sentence of 60 months.

Because Defendant has already received the relief requested in his § 3582(c)(2) motion, *i.e.*, application of the FSA guideline amendments to his sentence,

**IT IS ORDERED** that Defendant's § 3582(c)(2) motion for reduction (DN 96) is **DENIED**.

Date:

cc: Defendant, *pro se*
United States Attorney
4413.005

---

[1] "The FSA replaced the triggers for the mandatory minimum punishments in crack cocaine offenses." *United States v. Shull*, 793 F. Supp. 2d 1048, 1057 (S.D. Ohio 2011). "Previously, the ratio between crack and powder had been 100:1; quantities of five and fifty grams of crack led to mandatory minimums of five and ten years, respectively." *Id.* "Under the FSA, the ratio was lowered to 18:1. Thus the triggers are now twenty-eight and two-hundred-eighty grams." *Id.*; 21 U.S.C. § 841(b)(1)(A)(iii), (b)(1)(B)(iii).